639 A.2d 1174

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ian M. DUFFEY, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 22, 1993.

Decided April 8, 1994.

Timothy P. Wile, Dept. of Transp., Harrisburg and Harold H. Cramer, Asst. Chief Counsel, for appellant.

Lester G. Nauhaus, Public Defender and Shelley Stark, Chief-Appellate Div., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION*

MONTEMURO, Justice.

Appellant, Commonwealth of Pennsylvania Department of Transportation (DOT), appeals from an order of the Commonwealth Court, reversing an order of the Court of Common Pleas of Allegheny County dismissing appellee Ian Duffey's appeal from a 90 day suspension of his driving privileges. Duffey's license was suspended pursuant to 18 Pa.C.S.A. § 6310 (restriction of operation privileges) as a result of his conviction for a violation of 18 Pa.C.S.A. § 6308 (underage drinking).

The sole question presented for our review is whether the suspension required under § 6308 is a criminal penalty requiring the appellee to knowingly and intelligently consent to such suspension at the making of his plea bargain. Because we conclude that appellee's suspension was only a civil consequence of his criminal conviction, we reverse the order of the Commonwealth Court.

On June 7, 1990, Duffey was cited for possession and consumption of an alcoholic beverage while being less than 21 years of age, a violation of 18 Pa.C.S.A. § 6308.[1] Duffey, by signing the citation and sending $74.50 to the magistrate, pleaded guilty, which guilty plea was entered on June 12,

---

1. 18 Pa.C.S.A. § 6308(a) provides in relevant part:

    A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages. . . .

1990.[2]   On June 27, 1990, the magistrate certified appellee's conviction to the Department of Transportation (DOT) and signed an order directing the Department to impose a suspension of appellee's driving privilege in accordance with the mandatory provisions of 18 Pa.C.S.A. § 6310.4(a).[3]   On July 24, 1990, DOT notified appellee by mail that his driving privileges were scheduled to be suspended for 90 days pursuant to 18 Pa.C.S.A. § 6310.4(b)[4], as a result of his conviction for violation of 18 Pa.C.S.A. § 6308.

Upon receipt of this notice, appellee filed a timely statutory appeal to the Court of Common Pleas of Allegheny County. On November 21, 1990, at a *de novo* hearing, appellee, represented by a public defender, filed a motion to withdraw his plea of guilty to the underage drinking charge contending that it had been unknowingly and unintelligently entered because appellee was without knowledge or notice of the consequence of the license suspension. The court denied appellee's motion to withdraw his guilty plea and dismissed his appeal on the basis that the challenge constituted an impermissible collateral attack of the underlying conviction which could not be accomplished in a civil proceeding.

Appellee filed a notice of appeal in the Superior Court. On May 7, 1991, the Superior Court granted DOT's motion to transfer the case to the Commonwealth Court. On April 13, 1992, the Commonwealth Court issued an order and opinion

---

**2.** Duffey did not appeal his conviction within the thirty day period following his plea. Pa.R.Crim.P. 86.

**3.** 18 Pa.C.S.A. § 6310.4(a) provides in relevant part:

Whenever a person is convicted ... for a violation of section ... 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) ... the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa.C.S.A. § 1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

**4.** 18 Pa.C.S.A. 6310.4(b) provides in relevant part:

When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from date of suspension.

which reversed the Court of Common Pleas of Allegheny County and sustained appellee's appeal from the driving privilege suspension. 147 Pa.Commw. 280, 607 A.2d 815. That court held that the suspension of driving privileges in this case was part of the criminal penalty for violation of § 6308, and that the proper appellate jurisdiction lay with the Superior Court, not the Commonwealth Court. For the reasons that follow, we now vacate the order of the Commonwealth Court and reinstate the order of the Court of Common Pleas dismissing appellee's appeal.

We have held that a defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea. *Commonwealth v. Frometa,* 520 Pa. 552, 555 A.2d 92 (1989). *See also United States v. Romero–Vilca,* 850 F.2d 177 (3rd Cir.1988) (deportation a collateral consequence of pleading guilty). We have also recognized that the collateral consequences of pleading guilty are "numerous". *Frometa,* 520 Pa. at 555, 555 A.2d at 93. A sampling of collateral consequences for pleading guilty includes: loss of the right to vote, U.S. Const. amend. XIV, § 2; to enlist in the armed services, 10 U.S.C.A. § 504, to own a firearm, 18 Pa.C.S.A. § 6105, or fishing license, 30 Pa.C.S.A. § 928; to inherit property, 20 Pa.C.S.A. §§ 8802–11, and to practice a particular profession, *e.g.,* 63 Pa.C.S.A. § 479.11(a) (funeral director); 63 Pa.C.S.A. § 34.19(a)(8) (architect). *See Frometa,* 520 Pa. at 556 n. 1, 555 A.2d at 93 n. 1.

■ Today, we hold that loss of driving privileges is a civil collateral consequence of a conviction for underage drinking under 18 Pa.C.S.A. § 6308. Courts of this Commonwealth have consistently recognized that a license suspension is a collateral civil consequence of a criminal conviction. *See Commonwealth v. Englert,* 311 Pa.Super. 78, 457 A.2d 121 (1983) (suspension imposed following a conviction for failing to stop at the scene of an accident constituted a civil collateral consequence); *Brophy v. Department of Transportation,* 94 Pa. Commw. 310, 503 A.2d 1010 (1986) (operating privilege suspension as a habitual offender constitutes a collateral civil consequence of acceptance of ARD on the underlying offense).

*See also Commonwealth v. Bursick,* 526 Pa. 6, 584 A.2d 291 (1990); *Brewster v. Department of Transportation,* 94 Pa. Commw. 277, 503 A.2d 497 (1986); *Zannotto v. Department of Transportation,* 83 Pa.Commw. 69, 475 A.2d 1375 (1984). We recognize that these cases involved offenses other than under-age drinking. However, we find that these cases establish that license suspension is properly considered a collateral consequence rather than a criminal penalty.

As we hold that appellee's suspension is a collateral civil consequence of his conviction, there is no requirement that he know of this consequence at the time of his guilty plea. Appellee's loss of driving privileges is "irrelevant to the determination of whether a guilty plea was entered voluntarily and knowingly." *Frometa,* 520 Pa. at 555, 555 A.2d at 93.

Appellee contends that the suspension of his driving privilege is not a civil collateral consequence, but a criminal penalty. We find these arguments unpersuasive. Appellee first argues that his suspension is a criminal penalty because the statute mandating the suspension, 18 Pa.C.S.A. § 6310.-4(a), is found in Title 18, the criminal code. We recognize that under the rules of statutory construction the title of the statute may be used in the construction thereof. *See* 1 Pa.C.S.A. § 1924. However, the title of a statute "shall not be considered to control ..." *Id.* We conclude that placement of § 6310.4(a) in the criminal code does not render it a criminal penalty. Nowhere in the sentencing statutes, 42 Pa.C.S.A. §§ 9701–9781, is suspension of the operating privilege authorized as a penalty which a criminal court may impose for a criminal conviction. Suspension of operating privileges is not one of the six authorized sentences enumerated in 42 Pa. C.S.A. § 9721 that may be imposed, for conviction of a criminal offense such as a violation of 18 Pa.C.S.A. § 6308. Nor is it a mandatory penalty under Chapter B of the Sentencing Code, 42 Pa.C.S.A. §§ 9711–9719, or included as a sentencing alternative in Chapter C of the Sentencing Code, 42 Pa.C.S.A. §§ 9721–9729. Also, we note that the mandatory fines and imprisonment sanction for driving under the influence or conviction for homicide by vehicle are found not in Title 18,

but in Title 75, the Vehicles Code. The placement of these penalties in the Vehicles Code does not render them civil sanctions. Our examination of these related statutes leads us to the conclusion that our legislature did not intend to rigidly classify them as civil or criminal according to where they are located in the code. Thus, we conclude that the placement of the operating privilege suspension in Title 18 does not render it a criminal sanction.

■ Appellee next argues that the operating privilege sanction cannot be a collateral civil consequence because it is ordered by the court. A consequence is civil in nature where, "imposition has been vested in an administrative agency over which the criminal judge had no control and for which he had no responsibility." *Brewster v. Department of Transportation*, 94 Pa.Commw. 277, 280, 503 A.2d 497, 498 (1986). *See also Michel v. United States*, 507 F.2d 461, 464 (2d Cir.1974); *Commonwealth v. Wellington*, 305 Pa.Super. 24, 451 A.2d 223, 224 (1982). Under this test, we find that the appellee's suspension was a collateral civil consequence. We recognize that § 6310.4(a) is different from other sections of the Vehicle Code in that it mandates that the judge order a license suspension and transmit this order to DOT.[5] However, we find that the act of the judge is more ministerial in nature than one involving "control" or "responsibility." Section 6130.4(a) mandates that the judge "shall" order the suspension of the operation privilege. Thus, the judge has no control over whether the sentence will be imposed. In addition, DOT calculates the period of the suspension based upon any prior incidents, and then imposes the sentence on the driver. The judge does no more than guarantee that DOT receives timely notice of the conviction requiring license suspension as a collateral consequence.

■ As we hold that the suspension of operating privileges pursuant to 18 Pa.C.S.A. § 6310.4 is a collateral civil consequence of a criminal conviction and is not part of the criminal

---

5. For example, *see* 75 Pa.C.S.A. § 1542 which mandates a license suspension for habitual offenders, but does not require that the court order the suspension nor transmit notice to DOT.

sentence, we must also hold that it is not proper for the appellee to attack the validity of the criminal conviction upon which DOT based the suspension in this civil proceeding. We have established that a licensee may not collaterally attack an underlying criminal conviction in a civil license suspension proceeding. In *Commonwealth v. Bursick*, 526 Pa. 6, 584 A.2d 291 (1990), this court held that the scope of review of an operating privilege suspension which resulted from a criminal conviction does not include the authority to attack the validity of the underlying criminal conviction. *See also Commonwealth v. Wolf*, 534 Pa. 283, 632 A.2d 864 (1993). Numerous Commonwealth Court decisions have adhered to this principle. *See, E.g., Commonwealth, Dep't of Transp., Bureau of Driver Licensing v. Heeter*, 128 Pa.Commw. 480, 563 A.2d 993 (1989); *Radice v. Commonwealth, Dep't of Transp., Bureau of Traffic Safety*, 118 Pa.Commw. 627, 545 A.2d 1005 (1988). Under these principles of law, appellee cannot attempt to withdraw his guilty plea in this civil proceeding. When a licensee becomes aware that he is going to lose his driving privilege as a consequence of paying a fine on a summary offense, his only remedy is to seek allowance of appeal *nunc pro tunc* from the summary conviction. *Heeter*, 128 Pa.Commw. at 483, 563 A.2d at 994.

We would suggest to our legislature that it should be clearly stated on the citation, if it is not already, that a guilty plea to the offense of underage drinking will result in a license suspension. While we hold today that a licensee does not have to be warned of the collateral consequences of license suspension, we believe it would be more equitable and no great burden on the Commonwealth to provide such a warning.

■ In view of our holding, it is clear that operating privilege suspensions imposed by the Department of Transportation under 18 Pa.C.S.A. § 6310.4 are within the scope of 75 Pa.C.S.A. § 1550, relating to statutory appeals, and are properly appealable to the Commonwealth Court under 42 Pa.C.S.A. § 762(a)(3).

Accordingly, we reverse the order of the Commonwealth Court and reinstate the 90 day suspension of operating privileges issued by the Department of Transportation.

LARSEN, J., did not participate in the decision of this case.

FLAHERTY, J., files a dissenting opinion.

MONTEMURO, J., who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.

FLAHERTY, Justice, dissenting.

The majority adds the loss of driving privileges to other "collateral consequences" of a conviction, the lack of knowledge of which will not undermine the validity of a guilty plea, yet the very magistrate before whom the plea was entered signed the order directing the suspension of the defendant's operators license, albeit in the performance of a mandatory function. In my view this direct involvement by the sentencing authority in what is termed a "collateral consequence" makes a significant difference, particularly where one is precluded from driving, indeed a severe sanction, call it what you will, in today's world. I must, therefore, respectfully dissent.