669 A.2d 323

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Gerard Francis HETTICH, Appellee.

Supreme Court of Pennsylvania.

Submitted June 16, 1995.

Decided Dec. 27, 1995.

Timothy P. Wile, for PennDot.

Joel P. Trigiani, for G. Hettich.

Joseph P. Green, Jr., for Amicus PaCDL.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION

MONTEMURO, Justice.

This is a direct appeal[1] from an order of the Court of Common Pleas of Bucks County which set aside a sixty-one year revocation of Appellee's driver's license on the grounds that the habitual offender's statute, 75 Pa.C.S. § 1542, violated Appellee's right to substantive due process. We conclude that this issue is moot because, under the amended statute, Appellee is no longer classified as a habitual offender.

Appellee, Gerard Francis Hettich, was arrested in early 1992 for running a "chop shop," that is, an illicit operation involving the dismantling of stolen and fraudulently obtained vehicles. He subsequently pled guilty to fourteen counts of removal or falsification of vehicle identification numbers (75

---

1. Pursuant to 42 Pa.C.S. § 722(7) this Court has exclusive jurisdiction over matters in which a Court of Common Pleas has found a statute to be repugnant either to the Constitution, treaties or laws of the United States, or to the Constitution of the Commonwealth of Pennsylvania.

Pa.C.S. § 7102(b)), fifteen counts of dealing in automobiles with removed or falsified vehicle identification numbers (75 Pa.C.S. § 7103(b)), and one count of receiving stolen property (18 Pa.C.S. § 3925). The sentence imposed was eleven and a half to twenty three months incarceration with immediate work release.

As a result of Appellee's convictions, Appellant, the Commonwealth of Pennsylvania, Department of Transportation (DOT), issued thirty separate notices of license suspension. Pursuant to 75 Pa.C.S. § 1532(a),[2] DOT issued two one-year revocations for violations of 75 Pa.C.S. § 7102(b) and 75 Pa.C.S. § 7103(b). In addition, based on Appellee's second conviction for violating 75 Pa.C.S. § 7102(b), DOT classified Appellee as a habitual offender pursuant to 75 Pa.C.S. § 1542(b) (effective until Sept. 12, 1995),[3] and imposed a five year revocation under 75 Pa.C.S. § 1542(d). DOT then imposed twenty-seven consecutive two-year revocations for each of Appellee's remaining convictions under 75 Pa.C.S. § 1542(e) (effective until Sept. 12, 1995).[4] The sum of all these revocations was sixty-one years.

2.  75 Pa.C.S. § 1532(a) reads in pertinent part:
    (a) Revocation.—The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of any of the following offenses:
    *    *    *    *    *    *
    (3) Any violation of the following provisions:
    *    *    *    *    *    *
    Section 7102(b) (relating to removal or falsification of identification number).
    Section 7103(b) (relating to dealing in vehicles with removed or falsified numbers).

3.  75 Pa.C.S. § 1542(b) currently provides as follows:
    (b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination shall result in such person being designated as a habitual offender:
    (1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

4.  75 Pa.C.S. § 1542(a), (d) and (e) provide for the following:
    (a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section . . .

Appellee filed a statutory appeal challenging all thirty notices of revocation, and, following a *de novo* hearing, DOT unsuccessfully filed a motion to quash the appeal. The trial court sustained the appeal from all thirty suspensions on the ground that Appellee's due process rights were violated when the criminal court failed to inform him of the mandatory suspensions which would result from his convictions.

DOT appealed to the Commonwealth Court, which vacated the trial court's order on the basis of our holding in *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174, *cert. denied,* —— U.S. ——, 115 S.Ct. 223, 130 L.Ed.2d 149 (1994), and remanded the case for disposition of the remaining issues raised in Appellee's statutory appeal.

On remand, the trial court once again vacated the sixty-one year revocation of Appellee's driving privileges on the ground that 75 Pa.C.S. §§ 1532 and 1542 as applied to the facts of this case violated Appellee's right to substantive due process. DOT then filed a direct appeal to this Court pursuant to the provisions of 42 Pa.C.S. § 722(7). We now reverse.

The trial court held that the Appellee's right to substantive due process was violated by the application of the habitual offender's statute. Since the time of the trial court's opinion, the habitual offender's statute has been amended. Act 1994–143 amended 75 Pa.C.S. § 1542(b) to read as follows:

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed by any person shall result in such person being designated as a habitual offender:

(1) Any violation of Subchapter B of chapter 37 (relating to serious traffic offenses).

(2) Any violation of section 3367 (relating to racing on highways).

(d) Period of revocation.—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years. (e) Additional offenses.—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.

(3) Any violation of section 3742 (relating to accidents involving death or personal injury).

(4) Any violation of section 3743 (relating to accidents involving damage to attended vehicle or property).

75 Pa.C.S. § 1542(b) (as amended, Act 1994–143, effective Sept. 12, 1995). Under the amended statute, the offenses for which Appellee now stands convicted, the fifteen counts of violating 75 Pa.C.S. § 7103(b), the fourteen counts of violating 75 Pa.C.S. § 7102(b), and the one count of violating 18 Pa.C.S. § 3925, are no longer considered when classifying a licensee as a habitual offender.

This is relevant to the instant case since Section 4(b) of Act 1994–143 allows licensees previously classified as habitual offenders under the prior version of 75 Pa.C.S. § 1542, but who would not be so classified under its amended version, to petition DOT for removal from the habitual offender classification. Under the new enactment, Appellee would be subject only to the sanctions associated with his convictions, not the increased sanctions of the habitual offender statute. Section 4(b) states,

(b) For drivers who were designated as habitual offenders prior to the effective date of this amendatory act and who would no longer be designated as habitual offenders under the provisions of this act, the department may remove these drivers from habitual offender status and require only that they complete the other sanctions associated with those convictions. Such persons may petition the department for removal from habitual offender status and, if they are eligible for removal, shall no longer be designated as habitual offenders.

75 Pa.C.S. § 1542(4)(b).

Thus, beginning September 12, 1995, Appellee was eligible to have his habitual offender classification removed. Under our interpretation of Section 4(b), once the applicant is eligible, DOT has no discretion to deny a licensee's application. The trial court's holding that Appellee was denied substantive due process was based on the language of the habitual offend-

er statute. Since the Appellee no longer comes under the statute's reach, it would be pointless to consider whether his substantive due process rights were violated by its application.

The order of the trial court is reversed.

CAPPY, J., concurs in the result.

MONTEMURO, J., participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f).