Brian E. FRANCIS

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 7, 2000.

Decided Feb. 24, 2000.

sion of his operating privilege imposed by the Department pursuant to Section 1338.1 of the Public School Code (School Code).[1] We reverse.[2]

By notice dated February 1, 1999, the Department informed Francis that his operating privilege was being suspended for ninety (90) days pursuant to Section 1338.1 of the School Code as a result of his conviction on January 5, 1999 of truancy. Francis appealed the suspension to the trial court. On May 20, 1999, a *de novo* hearing was held before the trial court wherein the Department offered into evidence certified documents evidencing Francis' conviction pursuant to Section 1333 of the School Code. The trial court admitted the certified documents into evidence.

Both Francis and his mother, Janet Francis, appeared and testified before the trial court. Ms. Francis testified that she went to the board of education and properly signed Francis out of school so he could work 35 to 40 hours a week. Reproduced Record (R.R.) at 7a. Ms. Francis testified further that Francis then changed jobs. *Id.* Ms. Francis also informed the trial court that until Francis reached seventeen (17) years of age, he had to go the board of education every time he switched jobs. *Id.* at 8a.

Francis testified that he failed to inform the board of education where he was working or that he had changed jobs. *Id.* at 7a. Therefore, Francis stated, the board of education had no record of where he was working. *Id.* When asked by the trial court if he had to go to the board every

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered for appellee.

Before McGINLEY, J., KELLEY, J., and RODGERS, Senior Judge.

KELLEY, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County (trial) sustaining the statutory appeal of Brian E. Francis from a ninety (90) day suspen-

---

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 13–1338.1, *added by* Act of November 17, 1995, P.L. 1110. Section 1338.1 provides that the Department shall suspend the operating privilege of any child for ninety (90) days upon receiving a certified record that the child was convicted of violating Section 1333 of the School Code, 24 P.S. § 13–1333. Section 1333 governs penalties for violating compulsory school attendance requirements otherwise known as truancy. A child who has attained the age of thirteen (13) years who fails to comply with the compulsory attend-ance requirements of the School Code or who is habitually truant from school without justification commits a summary offense and shall, upon conviction, be sentenced to pay a fine for each offense or shall be assigned to an adjudication alternative program. Section 1333(b)(1), 24 P.S. § 13–1333(b)(1).

2. By order of this Court dated December 29, 1999, Francis was precluded from filing a brief in this matter.

time he changed jobs, Francis answered, "Yes. It was my ignorance for not going." *Id.* at 8a.

Based on the testimony of Francis and his mother, the trial court sustained Francis' statutory appeal. This appeal followed.[3]

In this appeal, the Department argues that the trial court exceeded its scope of review when it sustained Francis' statutory appeal. The Department maintains that once the fact of Francis' truancy conviction became established, the trial court's inquiry into the propriety of the Department's ninety (90) day suspension order should have come to an end and the trial court should have upheld the suspension. The Department points out that Francis did not offer any evidence to rebut the fact that he had been convicted of violating Section 1333 of the School Code.

 Herein, the trial court admitted into evidence, via a certified record, proof of Francis' conviction for violating Section 1333 of the School Code. Thus, the Department met its burden of production and established a rebuttable presumption that a conviction existed. *The Department of Transportation, Bureau of Driver Licensing v. Diamond,* 151 Pa.Cmwlth. 351, 616 A.2d 1105 (1992), *appeal dismissed,* 539 Pa. 382, 652 A.2d 826 (1995). Because Francis failed to present clear and convincing evidence that the record admitted into evidence was erroneous, this presumption became conclusive on the issue of his conviction. *Id.*

 It is now well settled that a license or operating privilege suspension is a collateral civil consequence of a criminal conviction. *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174, *cert. denied,* 513 U.S. 884, 115 S.Ct. 223, 130 L.Ed.2d 149 (1994). Accordingly, it is not proper for a licensee

to attack the validity of the criminal conviction upon which the Department based the suspension in a civil license suspension proceeding. *Id.* In *Duffey,* our Supreme Court pointed out that it held in *Commonwealth v. Bursick,* 526 Pa. 6, 584 A.2d 291 (1990), that the scope of review of an operating privilege suspension which resulted from a criminal conviction does not include the authority to attack the validity of the underlying criminal conviction. *Duffey,* 536 Pa. at 443, 639 A.2d at 1177.

 Therefore, pursuant to *Duffey* and *Bursick,* the proper focus of the trial court's inquiry was whether Francis was in fact convicted, not whether he should have been convicted. *See also Diamond.* However, it is clear from the transcript of the *de novo* hearing that the trial court improperly focused on whether Francis should have been convicted when the trial court sustained Francis' appeal based on Francis' argument as to why he was convicted of truancy. Accordingly, the trial court's order is reversed and the ninety (90) day suspension of Francis' operating privilege imposed by the Department pursuant to Section 1338.1 of the School Code is reinstated.

### O R D E R

AND NOW, this 24th day of February, 2000, the order of the Court of Common Pleas of Allegheny County, dated May 20, 1999, is reversed and the ninety (90) day suspension of Brian E. Francis' operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing pursuant to Section 1338.1 of the Public School Code of 1949 is reinstated.

---

3. Our scope of review in an operating privilege suspension case is confined to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the

trial court's determinations demonstrate a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 648 A.2d 285 (1994).