**Cameron Michael RAY, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 7, 2003.

Decided April 29, 2003.

Mark Clement, Pittsburgh, for petitioner.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for respondent.

Before McGINLEY, J., SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Cameron M. Ray (Licensee) petitions for review of the order of the Secretary of Transportation (Secretary) that denied Licensee's exceptions and made final the proposed report regarding Licensee's petition to review and update his certified driving history. We affirm.

This dispute involves whether the Department of Transportation's (PennDOT) records correctly indicate Licensee has three violations sufficient to warrant the five-year suspension of his license as a habitual offender under Section 1542 of the Vehicle Code (Code), 75 Pa.C.S. § 1542. Licensee filed a petition requesting a departmental hearing officer review his certified driving record.

Licensee's driving record showed he received five citations in the past ten years resulting in license suspensions totaling nine years and twenty days. The first was a June 1993 violation of Section 3731 of the Code (DUI). Licensee qualified for accelerated rehabilitative disposition and received a one-year suspension of his driving privilege (Suspension I).

In August 1994, Licensee was again cited for DUIs. The following month, he was involved in an accident when his car struck a tree. Licensee asserts neither he nor his companion was injured during the accident. He was, nevertheless, cited for violating Section 3742 of the Code, leaving the scene of an accident involving injury or death.

Licensee pled guilty to the 1993 and 1994 DUIs and the 1994 violation of Section 3742. Licensee testified that:

> I was told by the DA that if I pled guilty to those charges that leaving the scene of an accident would have no consequences on my sentencing; that I would have no consequence on my sentencing; that I would receive two years suspension of my license and 32 days in the Ark house.

Reproduced Record (R.R.) at 42a.[1]

As a result of Licensee's plea to the 1994 DUI and the violation of Section 3742, his license was suspended for concurrent terms of one-year (Suspension II) and five-years (Suspension III). The August 1994 DUI rendered Licensee a "habitual offender" under Section 1542 of the Code and mandated the five-year suspension.[2] R.R. at 127a.

In August 1999, Licensee was cited for a third DUI and speeding. As a result of the speeding violation, he received a 20 day suspension of his driving privileges (Suspension IV). The DUI resulted in a two-year habitual offender suspension (Suspension V).[3]

Before the hearing officer, Licensee requested a credit negating the current suspension. In particular, he sought a credit for time served on Suspension III. Licensee contested the validity of Suspension III because: (i) the September 1994 accident did not involve death or bodily injury; and (ii) the ADA's improper inducement of his plea equitably estopped PennDOT from enforcing consequences of the plea. Alternatively, Licensee argued that for these reasons the word "major" must be removed from his driving record. Licensee asserted if "major" was not included in his record, Suspension III would not have been imposed.

PennDOT's hearing officer did not agree. His proposed report concluded:

As to the Department's position regarding the authority of an administrative hearing officer to remove Petitioner's [Licensee's] Section 3742 violation/conviction from the driving record, as the Department points out in their brief, in

---

1. Licensee further testified that the Assistant District Attorney (ADA) informed him that pleading guilty to the "leaving the scene" charge would have no impact on the length of his driving suspension. R.R. at 42a—43a. He also asserted the ADA represented "he had the authority to speak for the Commonwealth of Pennsylvania that day." R.R. at 43a. Licensee asserts he relied on the ADA's representations when pleading guilty.

2. In 1994, Section 1542, stated in pertinent part:
   (a) GENERAL RULE.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.
   (b) OFFENSES ENUMERATED.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any

person shall result in such person being designated as a habitual offender:
   (1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).
   * * *
   (c) ACCELERATIVE REHABILITATIVE DISPOSITION AS AN OFFENSE.—Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section.
   (d) PERIOD OF REVOCATION.—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.
   (e) ADDITIONAL OFFENSES.—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.
   75 Pa.C.S. § 1542 (emphasis in the original).

3. Licensee's record indicates that his license will be returned in December 2003, barring any additional offenses. R.R. at 68a.

*Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994) [sic] the court found that it was not proper for the appellee to attack the validity of the underlying criminal conviction in a license suspension proceeding. The court's reasoning must extend to this administrative hearing process since the Petitioner is attempting to do the same thing, albeit in a different civil proceeding.

Accordingly, I am without authority to remove the Section 3742 violation/conviction from Petitioner's driving record.

R.R. at 178a.

After the Secretary denied Licensee's exceptions to the proposed report, the proposed report became final. R.R. at 216a. Licensee filed a petition for review.[4]

■ Licensee first argues the hearing officer's reliance on *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994), was erroneous. Licensee claims the hearing officer had the authority to amend Licensee's driving record and remove the word "major" from the provisions pertaining to Section 3742.

In *Duffey,* our Supreme Court considered whether an individual who pled guilty to underage drinking could challenge the validity of a guilty plea in a civil license suspension appeal. The Court held:

As we hold that the suspension of operating privileges pursuant to 18 Pa.C.S.A. § 6310.4 is a collateral civil consequence of a criminal conviction and is not part of the criminal sentence, we must also hold that it is not proper for the appellee to attack the validity of the criminal

conviction upon which DOT based the suspension in this civil proceeding ... appellee cannot attempt to withdraw his guilty plea in this civil proceeding. When a licensee becomes aware that he is going to lose his driving privilege as a consequence of paying a fine on a summary offense, his only remedy is to seek allowance of appeal nunc pro tunc from the summary conviction ...

*Duffey,* 536 Pa. at 442–443, 639 A.2d at 1177.

This Court has repeatedly held the only issues in a civil license suspension appeal are whether the motorist was in fact convicted and whether PennDOT acted in accordance with applicable law. *Orndoff v. Dept. of Transp., Bureau of Driver Licensing,* 654 A.2d 1 (Pa.Cmwlth.1994); *Amoroso v. Dep't of Transp., Bureau of Driver Licensing,* 152 Pa.Cmwlth. 215, 618 A.2d 1171 (1992). The fact that Licensee challenges the circumstances of his guilty plea in the context of a record correction rather than a license suspension is irrelevant. The guilty plea is beyond the review of the hearing examiner or of this Court. Licensee's sole remedy is post-conviction relief from the criminal proceeding. *Duffey.*

Licensee also distinguishes *Duffey* as it involved the district attorney's failure to inform the licensee of civil consequences of a guilty plea. Here, Licensee asserts the alleged fraudulent conduct presents new facts for this Court's consideration.

■ As in *Duffey,* we decline the invitation to look behind the conviction to the facts of the incident or inducements of a plea. "It is clear that an appeal from a suspension of an operator's license is civil

---

4. This Court's review of PennDOT's decision is limited to determining whether an error of law was committed, findings of fact are supported by substantial evidence or constitutional rights were violated. Administrative Agency Law, 2 Pa.C.S. § 704.

in nature. A reviewing court, therefore, may not consider any claimed procedural defects, or *errors* in the criminal proceeding, which formed the basis for the suspension." *Dep't of Transp., Bureau of Traffic Safety v. Laird,* 113 Pa.Cmwlth. 329, 537 A.2d 896, 897 (1988)(emphasis in original).

Licensee also assigns error in the hearing officer's mild description of the ADA's conduct. We reject this argument for two reasons. First, no mischaracterization was made, and the hearing officer's proposed report accurately presents Licensee's position. R.R. at 176a—177a. Second, the severity of any party's pre-conviction acts is immaterial, because we do not look behind the conviction.

█ Licensee next argues the hearing officer failed to consider the alternate relief he requested, removing the word "major" from his driving record. The word major does not appear in either Section 1542 or Section 1532 and has no consequence under the habitual offender section. As removing the word "major" would have no impact on this case, the hearing officer's failure to explicitly address it was harmless.

Accordingly, the order of the Secretary of Transportation is affirmed.

### ORDER

AND NOW, this 29th day of April, 2003, the order of the Secretary of Transportation is affirmed.