J-S11024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                               :              PENNSYLVANIA
                                                 :
             v.                                  :
                                               :
                                               :
MATTHEW EDWARD WALSH         :
                                               :
          Appellant                 :     No. 961 WDA 2016

Appeal from the PCRA Order June 1, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0001764-2015

BEFORE:   OLSON, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                **FILED APRIL 21, 2017**

Appellant, Matthew Edward Walsh, appeals from the order entered June 1, 2016, denying his petition for collateral relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant facts underlying this appeal are as follows:

[P]ostal officers intercepted a package addressed to the [Appellant].  Based on certain suspicious characteristics of the package, and an alerting signal from a drug sniffing dog, a Federal search warrant was obtained for the package.  Several pounds of marijuana were discovered inside the package.  An anticipatory search warrant was obtained for the [Appellant's] residence and a controlled delivery was conducted.  Following the controlled delivery, the [Appellant] was observed outside of his residence carrying the package.  He was then arrested and the search warrant was executed.  More marijuana was discovered inside the house, as well as literature relating to marijuana.   [Appellant]   made   incriminating   statement[s]

---

[*] Former Justice specially assigned to the Superior Court.

regarding the contents of the package that was delivered. He admitted to knowing the value of the marijuana inside and admitted to being able to detect an odor of marijuana.

PCRA Ct. Op., 6/1/2016, at 2.

On December 16, 2015, Appellant entered a negotiated guilty plea to one count of possession of a controlled substance with the intent to distribute (PWID) pursuant to 35 Pa.C.S. § 780-113(a)(30). On February 4, 2016, Appellant was sentenced to thirty-six months of intermediate punishment, with the first nine months on electronic monitoring, which was deferred for up to thirty days. On February 12, 2016, Appellant received a letter of official notice of suspension of his driving privilege as a result of his conviction, effective March 18, 2016 for a period of six months.

Appellant did not file any post-sentence motion or otherwise appeal the judgment of sentence. On March 7, 2016, he filed a PCRA petition alleging ineffective assistance of counsel. Following an evidentiary hearing in June 2016, the trial court denied relief. Appellant timely filed a notice of appeal and court-ordered 1925(b) statement. The PCRA court issued a responsive opinion.

On appeal, Appellant raises the following issue:

1. Whether the trial court erred in denying Appellant's petition for post-conviction relief where Appellant's counsel informed Appellant, prior to his guilty plea, that he had no chance of obtaining a verdict of not guilty and never discussed with Appellant the risks of trial, thereby making Appellant's plea unknowing and involuntary?

Appellant's Br. at 4.

Our standard of review is as follows.

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.' **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007). To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2)[.]

**Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal citations and quotation marks omitted).

"[A]fter a defendant has entered a plea of guilty, the only cognizable issues in a post-conviction proceeding are the validity of the plea of guilty and the legality of the sentence." **Commonwealth v. Rounsley**, 717 A.2d 537, 538 (Pa. Super. 1998) (citing **Commonwealth v. Martinez**, 539 A.2d 399 (Pa. Super. 1988)). However, an ineffective assistance of counsel claim in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). **See Commonwealth v. Barndt**, 74 A.3d 185, 191 (Pa. Super. 2013).

Appellant asserts ineffective assistance of plea counsel on several grounds.

> [C]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise. To prevail on an ineffectiveness claim, appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Failure to prove any prong of this test will defeat an ineffectiveness claim. [I]f a claim fails under

- 3 -

any necessary element of the **Strickland** test, the court may proceed to that element first. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development. Further, counsel cannot be deemed ineffective for failing to raise a meritless claim.

**Fears**, 86 A.3d at 804 (internal citations and quotation marks omitted); **see also Commonwealth v. Flanagan**, 854 A.2d 489, 502 (Pa. 2004) (noting that appellate review of an allegation that counsel was ineffective in connection with a guilty plea "dovetails with the arguable merit/prejudice requirements"). In addition,

[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

**Fears**, 86 A.3d at 806–07 (quoting **Commonwealth v. Allen**, 557 Pa. 135, 732 A.2d 582, 587 (1999) (internal citations omitted)).

Appellant contends that plea counsel was ineffective for three reasons: (1) for advising Appellant that he had "no chance" of being found not guilty; (2) for failing to inform Appellant that his driver's license would be suspended as a result of his plea; and (3) incorrectly explaining the sentencing guidelines. Thus, we will proceed by addressing the PCRA court's findings with respect to Appellant's claims of ineffective assistance of counsel.

Here, Appellant has the burden of showing that counsel's advice falls outside the wide range of professionally competent assistance required by the Sixth Amendment and to establish prejudice. Appellant contends that the "preponderance of the evidence" standard is improper. *See* Appellant's Br. at 12. This is plainly incorrect. *See* 42 Pa.C.S. § 9543 (a) (noting that "a petitioner must plead and prove by a preponderance of the evidence all of the following: … ineffective assistance of counsel"). To succeed in showing prejudice in the context of a guilty plea, "the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see also Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *see also Missouri v. Frye*, 566 U.S. 133, 148 (2012).

"Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hickman*, 799 A.2d at 141 (holding that counsel's advice regarding defendant's sentence during plea stage was legally unsound and devoid of any reasonable basis designed to effectuate his interests) (quoting *Hill*, 474 U.S. at 56 (citations omitted)).

Here, Appellant contends that the advice that he would have 'no chance' at winning at trial was ineffective. At the evidentiary hearing, counsel testified that he considered the merits of seeking suppression of the evidence but decided that the facts of the case did not give rise to a significant probability of success. PCRA Ct. Op., 6/1/2016, at 2. In counsel's thirty-nine years of practice, he did not consider that Appellant would have any chance to prevail in a trial based on the evidence and Appellant's own incriminating statements. *See id.* Counsel testified that he did not remember advising Appellant about potential sentences or that his license could be suspended if he pled guilty; counsel's main concern was that Appellant would not win at trial. *See id.* at 3. Thus, counsel acted to convince Appellant to plead guilty as that is what counsel believed was in Appellant's best interest. *See id.* The final decision to plead guilty was made by Appellant. *See id.*

Here, the PCRA court stated that counsel's advice to Appellant that he had "no chance" at trial was reasonable:

> Given the facts of the case, including that [Appellant] gave incriminating statements and additional marijuana was found inside [Appellant's] residence, based on [counsel's] considerable legal experience, he was of the opinion that [Appellant] would have been found guilty at trial…. [Counsel] thus advised [Appellant] that entering a plea of guilty to a single count of PWID pursuant to a negotiated plea agreement that called for a county intermediate punishment sentence was the best course of action. The performance of counsel in so advising [Appellant] did not fall below the standard of competence required by the Sixth Amendment of the Federal Constitution and Article 1, Section 9 of the Pennsylvania Constitution. As counsel was not

> ineffective in advising [Appellant] to enter a plea of guilty, it cannot be said that counsel's ineffectiveness caused the [Appellant] to enter an unknowing or involuntary plea.

*See* PCRA Ct. Op., 6/1/2016, at 6. The PCRA court found that Appellant failed to establish ineffective assistance of counsel. *See id.* at 5. We agree. The legal advice provided by counsel in this case was within the range of competence demanded; counsel's advice was legally sound and reasonable. *Hickman*, 799 A.2d at 141. Accordingly, we discern no abuse of the PCRA court's discretion in rejecting his claim.

Appellant also suggests that plea counsel was ineffective for failing to advise him that pleading guilty would result in the suspension of his driver's license. This claim is also without arguable merit.

A statutorily mandated suspension of operating privileges as a result of a criminal conviction has been held to be a collateral, civil consequence of the conviction and is not part of the criminal sentence. *See Commonwealth v. Duffey*, 639 A.2d 1174, 1177 (Pa. 1994) (finding appellee's suspension was a collateral civil consequence pursuant to 18 Pa.C.S. § 6310.4). A collateral consequence of a guilty plea is effectively defined as "a civil requirement over which a sentencing judge has no control." *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012) (quoting *Commonwealth v. Leidig*, 956 A.2d 399, 404 (Pa. 2008) (citing *Duffey*, 639 A.2d at 1176-77)). In *Abraham*, our Supreme Court held that

"counsel cannot be deemed ineffective for failing to advise a defendant regarding the collateral consequences of a plea." *Abraham*, 62 A.3d at 353.

Here, Appellant's license suspension was a statutorily mandated collateral consequence of Appellant pleading guilty to the offense charged. *See, e.g., Duffey*, 639 A.2d at 1177 (noting that the "judge does no more than guarantee that DOT receives timely notice of the conviction requiring license suspension as a collateral consequence."). Upon pleading guilty to the offense charged, Appellant's license was suspended by pursuant to 75 Pa.C.S. § 1532(c), which states:

> [The Department of Transportation (DOT)] shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state."

75 Pa.C.S. § 1532(c). Counsel cannot be deemed ineffective based on the alleged failure to inform Appellant that his license would be suspended as a result of his plea. *Abraham*, 62 A.3d at 353; *Duffey*, 639 A.2d at 1177. Accordingly, the PCRA court did not err in finding Appellant's claim was without merit.

Appellant's final claim is that counsel was ineffective for failing to discuss the applicable sentences in this case with him. The PCRA court found that little evidence was presented on this claim. The court found that Appellant failed to demonstrate "by a preponderance of the evidence that Attorney Fives rendered ineffective assistance by failing to discuss a possible

- 8 -

sentence if [Appellant] had been convicted at trial." PCRA Ct. Op. at 8. The court also noted:

> It is clear that [Appellant] was informed of the maximum possible sentence for the charge to which he pled guilty at the time he signed his plea colloquy. Prior to an in-court colloquy, the record demonstrates that [Appellant] was informed by Assistant District Attorney Mark Lope that the charge to which [Appellant] was pleading guilty carried a standard range sentence of restorative sanctions to nine months. [Appellant] admitted during the colloquy that he reviewed the Plea Agreement and discussed it with his attorney. Given these facts, it is clear that [Appellant] did not enter an unknowing or involuntary plea based on some misunderstanding as to the sentence he was facing. It is also important to recognize Attorney Fives' conclusion that [Appellant] would not have prevailed at trial, that he was facing two counts of PWID, and that if he was convicted [sic] a maximum sentence in the range of three to five years was more than a remote possibility.

*Id.* at 9. Moreover, the PCRA court's findings are supported by the evidentiary record. Accordingly, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017