J-S40007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE LENELL PADEN | : | |
| | : | |
| Appellant | : | No. 594 MDA 2025 |

Appeal from the PCRA Order Entered April 7, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000706-2020

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED FEBRUARY 20, 2026**

Andre Lenell Paden appeals from the order, entered in the Court of Common Pleas of Luzerne County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Upon review, we affirm.

The PCRA court summarized the history of this case as follows:

On March 19, 2020, while on state parole as the result of a Monroe County conviction, [Paden] was charged with [the instant] burglary and related offenses in Luzerne County. At the time, he was also facing charges for a crime committed in Lackawanna County. In March of 2022, while represented by counsel (plea counsel), [Paden] entered into a plea agreement to one count of burglary [in the instant case]. A plea hearing was conducted, and[,] following a colloquy of [Paden], the [trial c]ourt accepted his guilty plea. A presentence investigation [report] (PSI) was then ordered, and a sentencing hearing was scheduled.

At the sentencing hearing, it was discussed on the record that [Paden] had just been sentenced on the Lackawanna County charges and would also be facing a sentence for the state parole

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

violation. With regard to the sentence in the instant case, the parties indicated to the [trial c]ourt that the Commonwealth had no objection to the sentence running concurrently to [Paden]'s Lackawanna County sentence. Thus, with the benefit of the PSI, the [trial c]ourt sentenced [Paden] to a concurrent standard[-]range sentence of 14 to 28 months' incarceration in a state correctional facility, [and] awarded him 54 days' credit for time served.

[Paden] subsequently filed a post-sentence motion, [which the trial court denied. An appeal followed and the Pennsylvania Superior Court affirmed Paden's sentence. See Commonwealth v. Paden, 317 A.3d 618 (Pa. Super. 2024) (Table).]

On September 16, 2024, [Paden] filed a timely pro se [PCRA petition alleging] that the State Parole Board had not run his [instant] Luzerne County sentence concurrently to the sentence imposed as a result of the violation of his state parole. [PCRA c]ounsel was appointed to represent [Paden], and a supplemental [PCRA] petition was filed with permission of the [trial c]ourt on December 13, 2024. Therein, [Paden] complained that he believed that there was "an agreed[-]upon concurrent sentence" so that the sentence imposed in Luzerne County would run concurrent with his state parole violation sentence. The supplemental PCRA petition asserted that [Paden] was entitled to post-conviction relief because [plea] counsel was ineffective for either failing to memorialize these specific terms of the plea agreement in writing, or for failing to adequately explain to [Paden] the implications of his guilty plea and the possibility that the sentence imposed could run separately to the sentence imposed for his parole violation.

A PCRA hearing was held on February 26, 2025. The testimony of [plea] counsel and [Paden] showed that [Paden] had agreed to plead guilty with an awareness that he faced sentences in both Luzerne and Lackawanna Counties, and also that he could be subject to an additional period of incarceration as the result of violating his state parole. [Paden] testified that he and [plea] counsel discussed that his Luzerne and Lackawanna County sentences would run concurrent[ly] to each other, and [Paden] confirmed that he pled guilty to the Luzerne County charge with the expectation that the sentences would run concurrent[ly] to each other. [Paden] further testified that the [trial c]ourt had, in fact, imposed the concurrent sentence that he expected.

> With regard to the state parole violation, [plea] counsel testified that[,] at the time of the plea[,] he was aware that a sentence for that violation would run consecutively, not concurrently[,] to the sentence in Luzerne County. Because of the passage of time, [plea] counsel did not recall the specifics of the conversation he had with [Paden,] but he testified that it is his practice to inform defendants that the Commonwealth's agreement to not object to concurrent sentences did not apply to a sentence imposed on a state parole violation. [Paden] testified, however, that he only recalled [plea] counsel telling him that the sentence imposed in Luzerne County would run concurrent[ly] to the sentence he was serving in Lackawanna County. [Paden] asserted that he was not aware that his Luzerne County sentence would run consecutively to the sentence for his parole violation, and claimed that had he been aware of that, he would not have pled guilty.
>
> Based upon the testimony presented at the PCRA hearing and the arguments of the parties, th[e PCRA c]ourt denied [Paden]'s request for post-conviction relief on April 7, 2025.

PCRA Court Opinion, 7/11/25, at 1-3 (citations omitted).

Paden filed a timely notice of appeal. Both the PCRA court and Paden have complied with the requirements of Pa.R.A.P. 1925. On appeal, Paden raises the following ineffectiveness of plea counsel claims: "Whether the PCRA [c]ourt erred in dismissing [Paden's] PCRA petition where plea counsel was ineffective by: 1) failing to memorialize terms of a plea offer; and 2) failing to properly explain the guilty plea as related to the possible consequences of sentencing." Appellant's Brief, at 3.

Paden's claims, which we address together, both challenge the effectiveness of his plea counsel. In reviewing an order denying relief under the PCRA, this Court's standard of review is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Hipps*, 274 A.3d 1263, 1266 (Pa. Super. 2022).

"[W]e must defer to the PCRA court's findings of fact and credibility determinations [if they are] supported by the record." ***Commonwealth v. Spotz***, [] 84 A.3d 294, 319 ([Pa.] 2014). This is because "[t]he PCRA court, and not the appellate court[], has personally observed the demeanor of the witnesses[.]" ***Id.*** [H]owever, we apply a de novo standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mason***, [] 130 A.3d 601, 617 ([Pa.] 2015) (citation omitted).

***Commonwealth v. Hereford***, 334 A.3d 903, 909–10 (Pa. Super. 2025).

When reviewing a claim of ineffectiveness, counsel is presumed to have been effective. ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012). To overcome this presumption, a petitioner is required to show: (1) the underlying claim is of arguable merit; (2) counsel lacked an objective, reasonable basis for their actions; and (3) prejudice resulted from counsel's deficient performance. ***Id.*** Failure to establish any of the three prongs of this test is fatal to the claim. ***Id.*** Moreover,

[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant entered his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted; paragraphing altered).

Here, Paden contends that the PCRA court erred by not finding plea counsel was ineffective for failing to memorialize the specific terms of the agreement between Paden and the Commonwealth, specifically that his guilty

plea would include an agreed-upon concurrent sentence "in all other cases in all other jurisdictions, which would all be concurrent to any/all parole violation implications from previous matters." Appellant's Brief, at 9. Paden avers that, if not for plea counsel's failure to reduce that portion of the plea agreement to writing, Paden would have already completed his sentence and been released from prison, instead of serving his back-time prior to serving his instant sentence. *Id.* at 9-10. Alternatively, Paden contends that plea counsel was ineffective for failing to explain the potential consequences of his guilty plea and proposed sentence as related to his parole violation, specifically that his sentence could not run concurrently to his parole violation pursuant to 61 Pa.C.S.A. § 6138.[2] *Id.* at 10. He argues that if plea counsel had explained

---

[2] Section 6138 of the Prisons and Parole Code states, in relevant part:

**§ 6138. Violation of terms of parole**

**(a) Convicted violators.--**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

\* \* \*

(5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

*(Footnote Continued Next Page)*

this consequence to him, he would not have entered the plea. *Id.* at 11. Paden's claims are belied by the record and afford him no relief.

In reviewing a claim of ineffective counsel in connection to the entry of a guilty plea, "a defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea."[3] *See Barndt*, 74 A.3d at 193 (citation omitted). "[C]ounsel's failure to advise his client regarding the collateral consequence of parole revocation in an unrelated matter would not, without more, constitute a basis for allowing the defendant to withdraw his guilty plea." *Id.* at 195-96 (citation and emphasis omitted). Therefore, "counsel, in providing adequate assistance to a criminal defendant who is contemplating a guilty plea, is not required to advise a defendant of the collateral consequences of pleading guilty." *Id.* at 193.

_____

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(1) and (5)(i); *see also Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (explaining that, under subsection 6138(a)(5)(i), "where a state parolee gets a new state sentence, he must serve his back[-]time first before commencement of the new state sentence").

[3] Our Supreme Court has explained the difference between a direct consequence and a collateral consequence of a guilty plea as the distinction between a criminal penalty and a civil requirement over which the sentencing court has no control. *See Commonwealth v. Leidig*, 956 A.2d 399, 404 (Pa. 2008), citing *Commonwealth v. Duffey*, 639 A.2d 1174 (Pa. 1994). A collateral consequence of a guilty plea is "one that is not related to the length or nature of the sentence imposed on the basis of the plea." *Leidig*, 956 A.2d at 404 (citation and original quotation marks omitted).

It is well-established that a parole revocation is a collateral consequence of a guilty plea, and, unless a defendant is affirmatively misled or erroneously advised about the consequences of his plea, the plea is not involuntarily and unknowingly entered simply because the defendant was unaware that his guilty plea would subject him to a revocation sentence. *See Kelley*, 136 A.3d at 1013-14 (Pa. Super. 2014) (vacating sentence where plea counsel was ineffective for erroneously advising defendant his new sentence would run concurrent with his state parole revocation in violation of Parole Act); *Barndt*, 74 A.3d at 201 ("when it comes to collateral consequences of a guilty plea, counsel's sins of omission must be treated differently than his sins of commission").

Instantly, at the PCRA hearing, plea counsel testified that, while he did not remember his exact conversation with Paden, it is his practice to inform defendants that an agreement with the Commonwealth to not object to a concurrent sentence with any sentence he is currently serving would not apply to a state parole violation because "any sentence would have to run consecutive[ly]." *See* N.T. PCRA Hearing, 2/26/25, at 5-6. Paden testified that he signed the plea agreement after being informed by his plea counsel that his sentence would run concurrently with his **Lackawanna case**. *Id.* at 11. Paden also testified that he was unaware that he would not receive a concurrent sentence for his parole violation. *Id.* at 13.

First, we reject as meritless Paden's argument that counsel was ineffective for failing to reduce to writing the agreement with the

Commonwealth that his plea sentence and probation sentence would run concurrently. Pursuant to section 6138, a parolee who receives a new sentence must complete the entirety of his parole sentence prior to serving a new sentence. **See** 61 Pa.C.S.A. § 6138(a)(5). Therefore, Paden, who was facing a sentence for the state parole violation at the time of the plea agreement, was required to complete any sentence for the state parole violation prior to the new sentence by the plea.

Furthermore, "[o]ur cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." **Commonwealth v. Gentry**, 101 A.3d 813, 819 (Pa. Super. 2014) (finding sentencing order which imposed $1.00 of restitution "as an interim value for Probation to determine at a later date" was illegal because 18 Pa.C.S.A § 1106 mandates that restitution be imposed at sentencing; defendant's agreement to term as part of negotiated plea was of "no legal significance.").

Thus, even if Paden's plea counsel had reduced the specific terms in question to writing, the sentence would have been illegal, and Paden would not have been able to agree to an illegal sentence. **See Gentry**, **supra**. Paden concedes that such an agreement between him and the Commonwealth would have resulted in an illegal sentence. **See** Appellant's Brief, at 11. Therefore, the underlying claim—that, if plea counsel had memorialized such an agreement, Paden would have served a concurrent sentence of probation—

lacks arguable merit as such a sentence would have been illegal.[4] *See Sneed*, *supra*.

Furthermore, we are bound by the PCRA court's credibility determinations. *See Hereford*, *supra*. Here, the PCRA court found plea counsel's testimony to be credible and did not find truthful Paden's claim that he was unaware that his Luzerne County sentence could not run concurrently with a sentence imposed for the parole violation. *See* PCRA Court Opinion, 7/11/25, at 5. Additionally, we observe that, at Paden's sentencing hearing, both plea counsel and the trial court advised him that the state parole sentence would apply separately and only his Lackawanna County sentence would run concurrently. *See* N.T Sentencing Hearing, 4/25/22, at 2-3 ("[PLEA COUNSEL]: There's also a detainer that's a state parole violator from Rockview. . . . There was no objection to a concurrent sentence on this matter [(the Luzerne case)] with the Lackawanna County case."); *id.* at 7 ("THE COURT: Did the State parole him? [PLEA COUNSEL]: Well, that's gonna be another hit. That's separate."); *id.* at 12 ("THE COURT: Yeah. But

---

[4] Moreover, the terms of plea agreement *were* memorialized in a written plea agreement, which stated the parties did not make any agreements relative to sentencing. *See* Plea Agreement, 3/21/22; *see also* N.T. Guilty Plea, 3/21/22, at 3 (Commonwealth stating it would not object to the instant sentencing running concurrently with Paden's Lackawanna County sentence). Paden signed the agreement and acknowledged, in open court, that he understood the plea agreement. *See* N.T. Guilty Plea, 3/21/22, at 4; *see also Commonwealth v. Gabra*, 336 A.3d 1052, 1057 (Pa. Super. 2025) (defendant bound by statements made during plea colloquy and may not assert grounds for withdrawing plea that contradict statements made when he pled).

he's not—he doesn't have jurisdiction on a state sentence. You'd have to be paroled by the State Parole Board. [PLEA COUNSEL]: He'll have to deal with the State, Judge."). Based upon the foregoing, the record is clear that Paden was aware his sentence was concurrent **only to** his Lackawanna County sentence **not to** his pending parole sentence. Therefore, Paden has failed to demonstrate that counsel affirmatively misled him or that he was erroneously advised about the consequences of his plea. Thus, Paden's claim of ineffectiveness of plea counsel lacks arguable merit. ***See Barndt***, ***supra***; ***see also Commonwealth v. Hayes***, 326 A.3d 411, *10 (Pa. Super. 2024) (Table)[5] (declining to extend prior precedent of ineffective assistance of counsel to require plea counsel advise client of collateral consequence regarding consecutive revocation sentence). Accordingly, the PCRA court did not err in denying Paden's claim and we discern no abuse of discretion. ***See Barndt***, ***supra***.

Order affirmed.

---

[5] ***See*** Pa.R.A.P. 126(a)-(b) (unpublished, non-precedential memorandum decisions of this Court, filed after May 1, 2019, may be cited for persuasive value).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/20/2026