**Brett C. CASS, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 99–CT–969.

District of Columbia Court of Appeals.

Argued Oct. 12, 2000.
Decided July 31, 2003.
Order Granting Rehearing in Part
and Denying Rehearing En Banc
October 6, 2003.

Thomas C. Willcox for appellant.

Sidney R. Bixler, Assistant Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel at the time the brief was filed, Charlotte W. Parker, Acting Deputy Corporation Counsel, and Rosalyn Calbert Groce, Director, Policy and Appeals Branch, were on the brief for appellee.

Before WAGNER, Chief Judge, and FARRELL and RUIZ, Associate Judges.

RUIZ, Associate Judge:

Brett Cass was convicted of possessing an alcoholic beverage while he was under twenty-one years of age, *see* D.C.Code § 25–130(a) (Supp.2000), and sentenced to nine months of probation, under D.C.Code § 25–130(b–1), a $300 fine under D.C.Code § 25–130(b–2), and 40 hours of community service work.[1] While Cass does not dispute that he violated the Alcoholic Beverage Control Act ("ABC Act"), he contends that his infraction is not a crime punishable under D.C.Code § 25–130(b–1) or any other provision of the ABC Act.[2] He claims that the only sanctions available for underage possession of alcohol are an administrative fine and a temporary suspension of driving privileges, which are civil in character and should not cause him to suffer the ancillary penalties associated with a misdemeanor, such as, for example, having to disclose the conviction on employment applications. In the alternative, he suggests that the ABC Act is ambiguous, and any doubts about its meaning should be resolved in his favor under the rule of lenity.

While the text of the Act is clear that the possession of alcohol by a person under twenty-one is prohibited, an array of cross-references among the penalty provisions lead the reader in a circle. The two penalties that clearly apply to possession imply the existence of other penalties: one sanction identifies itself as an "alternative" penalty, *see* D.C.Code § 25–130(b–2), while another indicates on its face that it is an "addition[al]" sanction, *see* D.C.Code § 25–130(c). Yet the only two candidates for non-additional and non-alternative penalties are on their face inapplicable to underage possession of alcohol: one can be applied only when "no [other] specific penalty is provided," *see* D.C.Code § 25–132(a) (1996), which is not the case here, while the other expressly applies to misrepresentation of age to obtain alcohol, but

1. The relevant sections of the Alcoholic Beverage Control Act were amended on May 3, 2001. 48 D.C.Reg. 2959 (2001). The new version of former § 25–130 is now codified at D.C.Code § 25–1002 (2001), and the new version of D.C.Code § 25–132 is codified at D.C.Code § 25–831 (2001). Because these new amendments do not apply to the case at bar, the older citations will be used throughout this opinion. Although we refer to the current provisions where useful as a point of comparison, our opinion does not decide any issue under the statute as amended after appellant's violation.

2. Cass entered a conditional plea of guilty, pending our resolution of this appeal.

not to possession, *see* D.C.Code § 25–130(b–1).

As we analyze in this opinion, however, we are able to conclude that the apparent confusion can be rendered intelligible upon a close reading of the Act's subsections in context. For example, the cross-references to other penalties—the words "alternative" in section 25–130(b–2) and "in addition" in section 25–130(c)—can be understood as applying only to the offense of misrepresentation of age, but not to the possession of alcohol. Read in such a manner, the confusing references to phantom penalties for alcohol possession disappear, but no words are rendered superfluous because they remain meaningful in the context of a different violation. Such a reading is also consistent with legislative history, which shows that the Council of the District of Columbia intended to repeal the harsh penalties for alcohol possession in the previous version of the statute and replace them with milder penalties following our decision in *District of Columbia v. Morrissey*, 668 A.2d 792, 800 (D.C.1995). *See* D.C.Code § 25–132(a).

We thus concur with Cass—albeit for very different reasons—that the only penalties available for the possession of alcohol by a person under twenty-one are civil: a fine pursuant to the Civil Infractions Act, D.C.Code §§ 6–2701 to 2723,[3] *see* D.C.Code § 25–130(b–2), and the suspension of driving privileges under D.C.Code § 25–130(c). We therefore reverse the judgment of the trial court sentencing Cass to nine months probation under D.C.Code § 25–130(b–1).

**3.** The provisions of the Civil Infractions Act are now codified at D.C.Code §§ 2–1801.01 to 1803.03 (2001).

**4.** A different section of the statute prohibits misrepresentation of age for the purpose of obtaining alcohol:

## ANALYSIS

Because this is a pure question of statutory construction, our review is *de novo*. *See Morrissey*, 668 A.2d at 795–96. As always, we begin with the plain language of the statute. *See Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C.1983) (citation omitted). Next, because we find individual subsections to be capable of more than one reading, our task is to search for an interpretation that makes sense of the statute as a whole. *See Carey v. Crane Serv. Co.*, 457 A.2d 1102, 1108 (D.C.1983) (citations omitted). Lastly, we turn to legislative history to determine whether our interpretation is consistent with legislative intent. *See Peoples Drug Stores, Inc.*, 470 A.2d at 754 (citations omitted).

### A. *Plain Language of the Statute*

Several sections of the statute are clear on their face. It is indisputable, and undisputed by the parties, that the possession of alcohol by a person under twenty-one is unlawful: "[n]o person who is under 21 years of age shall purchase, attempt to purchase, possess, or drink any alcoholic beverage in the District ...." D.C.Code § 25–130(a) (Supp.2000).[4] It is equally clear that a violation of this provision can result, at a minimum, in the imposition of a civil fine under D.C.Code § 25–130(b–2) and the revocation of driving privileges under D.C.Code § 25–130(c). *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (holding that, when the words of a

No person shall falsely represent his or her age, or possess or present as proof of age an identification document which is in any way fraudulent, for the purpose of procuring an alcoholic beverage in the District. D.C.Code § 25–130(b).

statute are clear, " 'the judicial inquiry is complete' ") (citation omitted).

What is not clear is whether other penalties are available as well. Both sections 25–130(b–2) and 25–130(c) imply that other sanctions exist. Section 25–130(b–2) explicitly states that the civil fine may serve as an "alternative" sanction for any infraction of the ABC Act.[5] Use of the word "alternative" implies that the fine is but one of two or more possible choices as sanctions, *see* WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 96 (1st ed.1984), but those other choices are not identified. Section 25–130(c) specifies that its penalties may be imposed "[i]n addition to the penalties provided in subsections (b–1) and (b–2)." [6] The phrase "in addition to" suggests that the penalties described are "over and above" or "besides" other penalties. *See* WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 77 (1st ed.1984).

There are only two provisions in the ABC Act that could provide those other sanctions, D.C.Code §§ 25–130(b–1) and 25–132(a); their plain language, however, makes them inapplicable to a charge of possession of alcohol by a minor. Section 25–130(b–1) explicitly states that it applies to a misrepresentation of age for the purpose of procuring alcohol.[7] Section 25–132(a) states that it applies to any violation "for which no specific penalty is provided." [8] The civil fine of section 25–130(b–2)

---

5. D.C.Code § 25–130(b–2) states as follows:

> A civil fine may be imposed as an alternative sanction for any infraction of this section, or any rules or regulations issued under the authority of this chapter, pursuant to §§ 6–2701 to 6–2723 ("Civil Infractions Act"). Adjudication of any infraction of this section shall be pursuant to §§ 6–2701 to 6–2723.

As amended in 2001, that section now reads:

> As an alternative sanction to the misdemeanor penalties provided in subsection c of this section [fine of up to $300 or, in default, imprisonment of up to 30 days for misrepresentation of age], a person who violates subsection a [underage possession or consumption of alcohol] or b [misrepresentation of age for the purpose of obtaining alcohol] of this section shall be subject to the following civil penalties:
> (A) Upon the first violation, a penalty of $300;
> (B) Upon the second violation, a penalty of $600; and
> (C) Upon the third and subsequent violation, a penalty of $1,000 and the suspension of his or her driving privileges in the District for one year.
> D.C.Code § 25–1002(e)(1) (2001).

6. D.C.Code § 25–130(c) (2000 Supp.) provides as follows:

> In addition to the penalties provided in subsections (b–1) and (b–2) of this section, any person who violates any provision of this section shall be subject to the following additional penalties:
> (1) Upon the first violation, shall have his or her driving privileges in the District suspended for a period of 90 consecutive days;
> (2) Upon the second violation, shall have his or her driving privileges in the District suspended for a period of 180 days; and
> (3) Upon the third violation and each subsequent violation, shall have his or her driving privileges in the District suspended for a period of 1 year.

7. D.C.Code § 25–130(b–1) states as follows:

> Any person under 21 years of age who falsely represents his or her age for the purpose of procuring [any] alcoholic [ ] beverage shall be deemed guilty of a misdemeanor and be fined for each offense not more than $300, and in default in the payment of the fine shall be imprisoned not exceeding 30 days.

8. D.C.Code § 25–132(a) (1996) provides:

> Any person who violates any of the provisions of this chapter for which no specific penalty is provided, or any of the rules and regulations pursuant thereto for which no specific penalty is provided, upon conviction thereof, shall be fined not more than $1,000 or imprisoned for not more than 1 year, or both.

Given the foregoing language of section 25–132(a), that the penalties contained in sec-

and the suspension of driving privileges under section 25–130(c) are undoubtedly "specific" penalties, and therefore section 25–132(a) is rendered inapplicable to a charge of possession. We are thus left at a seeming dead end: two provisions, D.C.Code §§ 25–130(b–2) and (c), indicate that other "alternative" or primary sanctions are available for underage possession of alcohol, but none other in the ABC Act appears to be applicable.

### B. Construing Subsections Together

Faced with this apparent contradiction, we move to the next stage of our analysis: deciding whether seemingly inconsistent provisions can be interpreted in a way that would harmonize them. *See Carey,* 457 A.2d at 1108 (" '[S]tatutory provisions are to be construed not in isolation, but together with other related provisions.' ") (citation omitted).

Sections 25–130(b–1) and 25–132(a) both indicate on their face that they do not apply to the underage possession of alcohol. We should therefore construe section 25–130(b–2) in light of this fact, and read the word "alternative" as not applying to underage possession. This would not make the word "alternative" superfluous, as it would still indicate that the civil penalties of section 25–130(b–2) constitute an alternative to the criminal penalties of section 25–130(b–1) for misrepresentation of age in order to obtain alcohol in violation of section 25–130(b). The advantage of such a reading is that it would eliminate the seeming confusion surrounding the penalties available for possession of alcohol by a minor. Under that reading, a civil fine would be the primary penalty for pos-

session, and the phrase "in addition to" in section 25–130(c) would indicate that the suspension of driving privileges may be imposed as a supplement to that civil fine. There would be no references to other, nonexistent, sanctions.

The District of Columbia concurs with this approach, but reaches a different conclusion. It points to a general provision of the ABC Act which provides that "[p]rosecutions for violations of [the Act] . . . shall be on information filed in the Superior Court of the District of Columbia by the Corporation Counsel." D.C.Code § 25–132(c). The *Morrissey* opinion commented that the references to "prosecution" and "information" in this subsection imply that violations of the Act are criminal in nature. *See Morrissey,* 668 A.2d at 796 (explaining that "prosecutions on information" is terminology commonly used in criminal proceedings). The government contends that, because the "alternative" civil fines of section 25–130(b–2) and the "additional" license suspensions of section 25–130(c) are not criminal penalties, the language of section 25–132(c) compels that we apply some criminal sanction to underage possession of alcohol. Because the criminal sanction in section 25–132(a) was expressly eliminated as a possible penalty by the Council for underage possession of alcohol (in response to this court's decision in *Morrissey,* as discussed below), the District argues that the misdemeanor penalties described in section 25–130(b–1) must be applicable.

■ We do not agree with the District's interpretation of the statute. With limited

---

tions 25–130(b–2) and (c) are civil, rather than criminal, in nature does not affect our analysis. Section 25–132(a) does not require that a penalty be criminal but that it be "specific." As we explain in the text, sections 25–130(b–2) and (c) contain specific penalties

that apply to underage possession of alcohol. This is in contrast to violations for which no specific penalty has been provided, such as the sale of alcoholic beverages without a license. *See* D.C.Code § 25–109(a)(1) (1996).

exceptions, unambiguous statutory language trumps all other considerations. *See Connecticut Nat'l Bank,* 503 U.S. at 254, 112 S.Ct. 1146 (holding that, when the words of a statute are clear, " 'the judicial inquiry is complete' ") (citation omitted); *Peoples Drug Stores, Inc.,* 470 A.2d at 754 (noting that literal meaning will not be followed, *inter alia,* where result is absurd). Section 25–130(b–1) is unambiguous: "[a]ny person under 21 years of age who falsely represents his or her age for the purpose of procuring [any] alcoholic ... beverage shall be deemed guilty of a misdemeanor." D.C.Code § 25–130(b–1) (Supp.2000). On its face, it does not apply to mere possession of alcohol by a minor. *See id.* Plain words such as these cannot be altered by a secondary rule of construction.

■ Nor do we think, contrary to the dictum in *Morrissey,* that the language of section 25–132(c) requires us to impose criminal sanctions for all violations of the ABC Act. The language of section 25–132(c) referencing criminal sanctions, does not necessarily implicate *all* violations of the Act. Rather, it can be read to distinguish between those criminal violations of the ABC Act which are prosecuted as felonies by the United States Attorney, and those other criminal violations that are misdemeanors prosecuted based on information filed in Superior Court by the Corporation Counsel. We therefore understand that section 25–132(c) does not compel a criminal sanction, but merely provides, with respect to violations of the Act that are criminal in nature, how they are to be prosecuted: misdemeanors by the Corporation Counsel, and felonies by the U.S. Attorney. This interpretation is supported by the provisions for how purely civil infractions—which the District agrees are clearly contemplated by the statute—are to be pursued. For example,

section 25–130(b–2), which was added post-*Morrissey,* expressly provides that "[a]djudication of any infraction of this section [providing for an "alternative" civil fine] shall be pursuant to §§ 6–2701 to 6–2723" (the "Civil Infractions Act"). This, by its own terms, is a civil sanction.

■ That leaves the suspension of driving privileges under section 25–130(c), which is cast in the mandatory "shall," and follows automatically from an adjudication of a violation, with the length of suspension also dictated by the statute, depending on whether it is the first, second or third violation of the ABC Act. Although whether this particular sanction is civil or criminal is in the first instance a matter of statutory construction, *see Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) (citation omitted), we find little guidance in its language, other than by contrast with the express labeling of the fine in 25–130(b–2) as "civil." We conclude that the suspension of driving privileges for violations of the Act by underage persons who possess or consume alcohol, or who lie about their age in order to do so, also is a civil sanction, because of its mandatory character and because its primary objective is traffic safety, not retribution and deterrence. *See id.; Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174, 1177 (1994) (holding that statute requiring that "whenever a person is convicted ... the court ... shall order the operating privilege of the person suspended" was civil in nature because of the ministerial nature of the judge's role and the involvement of administrative agency) (citations omitted); *cf. Hills v. Iowa Dep't. of Transp. & Motor Vehicle Div.,* 534 N.W.2d 640, 642 (Iowa 1995) (holding that license revocation upon conviction for drug possession was criminal punishment within the meaning of the *Ex Post Facto* Clause because it was not pri-

marily related to traffic safety, but intended to enhance punishment for drug possession). Regulations issued under the Traffic Act also require the Department of Motor Vehicles to revoke the license of any person under twenty-one who has any measurable amount of alcohol in the blood. *See* 18 DCMR § 301.1(f) (1995). The suspension of driving privileges of an underage person who, though without such measurable blood alcohol, can be presumed to be headed down that path by possession or consumption of alcohol (or misrepresenting age in order to do so) similarly supports traffic safety. That the Council sought to achieve this objective by deterring young people from alcohol with the prospect of losing their driving privileges, *see* COMM. ON CONSUMER AND REGULATORY AFFAIRS, COUNCIL OF THE DISTRICT OF COLUMBIA, REPORT ON BILL 10–207, THE "ALCOHOLIC BEVERAGE CONTROL ACT AND RULES REFORM AMENDMENT ACT OF 1993," SECTION BY SECTION ANALYSIS (December 15, 1993), does not alter its purpose of regulating traffic safety. The Council's purpose since it increased the drinking age to twenty-one in 1986 has been traffic safety as "persons under the age of 21 are inexperienced drivers and thus more likely than any other age group to have their driving significantly impaired by even small quantities of alcohol." *Jarrett v. Woodward Bros., Inc.*, 751 A.2d 972, 984 (D.C.2000) (quoting COMM. ON CONSUMER AND REGULATORY AFFAIRS, COUNCIL OF THE DISTRICT OF COLUMBIA, REPORT ON BILL NO. 6–508, THE "DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL ACT LEGAL DRINKING AGE AMENDMENT ACT

OF 1986" (October 14, 1986)). Therefore, we do not think that section 25–132(c) needs to be read as requiring that all violations of the ABC Act are criminal in nature.

### C. Legislative History

██ The goal of statutory interpretation is to give effect to the purpose of the legislature. *See Peoples Drug Stores, Inc.*, 470 A.2d at 754. The best evidence of that purpose is always the text of the statute itself. *See Connecticut Nat'l Bank*, 503 U.S. at 254, 112 S.Ct. 1146. Nevertheless, when faced with textual uncertainty, we may turn to extrinsic evidence, such as legislative history, as an aid in discerning its meaning.[9] *See Peoples Drug Stores, Inc.*, 470 A.2d at 754.

Possession of alcohol by a person under twenty-one was punishable under a predecessor statute by a $1,000 fine or imprisonment for up to a year. *See Morrissey*, 668 A.2d at 799. The *Morrissey* court's reasoning was based on the text of the statute at that time. Section 25–132(a) provided then, as it did at the time of Cass's violation and does now, that a fine of up to $1,000 or up to 1 year imprisonment may be imposed for any violation of the Alcoholic Beverage Control Act "for which no specific penalty is provided." D.C.Code § 25–132(a) (1996); *see* D.C.Code § 25–831(a) (2001). Unlike the version of the statute in effect at the time of Cass's violation, however, the previous version of section 25–130(c) in effect in *Morrissey* stated that driving privileges may be suspended "[i]n addition to the penalties provided in § 25–132." D.C.Code § 25–130(c) (1996). *Cf.* D.C.Code § 25–1002(d) (2001) *supra* note 3 (providing that driving privileges are suspended in addition to the "misdemeanor penalties" for misrepresentation of

---

9. As we review legislative history, we are mindful of Judge Harold Leventhal's observation that citing legislative history is akin to " 'looking over a crowd and picking out your friends.' " *See United States v. Bohai Trading Co.*, 45 F.3d 577, 581 n. 11 (1st Cir.1995)

(quoting Judge Patricia M. Wald, *Some Observations On the Use of Legislative History in the 1981 Supreme Court Term*, 68 Iowa L.Rev. 195, 214 (1983)). We therefore use it to provide context to our primary analysis of the language of the statute.

age). In *Morrissey*, the trial court determined, because of the apparent conflict between the two subsections, that no misdemeanor penalty was applicable to underage possession of alcohol. *See* 668 A.2d at 795. This court rejected that analysis, holding that the language of section 25–130(c), enacted as an amendment after section 25–132(a) had been codified, trumped the language of section 25–132(a), and that a penalty of up to a year in prison was authorized for possession of alcohol. *See id.* at 797, 800.

In the *Morrissey* opinion, Judge Schwelb commented that "[t]he notion that the ABC Act makes possession of a can of beer by a young man of nineteen a crime punishable, *inter alia*, by imprisonment for one year initially astonished the author of this opinion, and it may surprise some readers as well," *id.* at 800, noting further that he "found it odd that possession of a can of beer by a nineteen-year old carries a harsher penalty than driving while intoxicated by a forty-year old." *Id.* n. 14. Because "[r]ewriting the statute to make it more humane transcends the judicial function," he urged the Council to enact clarifying legislation if it "did not intend to make the conduct with which Morrissey has been charged a crime subject to trial by jury and punishable by, *inter alia*, a year in prison." *Id.* at 801.

The Council amended the ABC Act the following year. The impact of Judge Schwelb's opinion is evident: the Committee report summarized the background of the amendment with a quote from *Morrissey*. *See* COMM. ON CONSUMER

AND REGULATORY AFFAIRS, COUNCIL OF THE DISTRICT OF COLUMBIA, REPORT ON BILL 11–606, at 2 (May 30, 1996). In its amendment, the Council repealed the basis for the *Morrissey* holding—the reference to the criminal penalties of section 25–132(a) contained in section 25–130(c). *See* 43 D.C.Reg. 4515 (1996). The Council also enacted new, less severe criminal penalties in section 25–130(b–1), and explicitly limited their application to misrepresentation of age.[10] *See* 43 D.C.Reg. 4515. It created an "alternative" penalty of a civil fine that could be imposed for any infraction of that section, including possession. *See id.* Finally, section 25–130(c) explicitly provided that the suspension of driving permits would be "in addition" to the penalties provided for misrepresentation of age in section 25–130(b–1) and the civil fine authorized in section 25–130(b–2). *See* D.C.Code § 25–130(c).

In construing an amendment, "[t]he legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial ... construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase." SUTHERLAND STAT. CONST. § 22.30 (5th ed.). The fact that the legislature stripped the basis for the *Morrissey* holding from the statute and replaced it with lesser penalties lends strong support to our statutory analysis that the only penalties avail-

10. The penalties were reduced from $1,000 and up to one year in prison, to a misdemeanor offense with a fine of "not more than $300, and in default of the payment of the fine, ... imprison[ment] not exceeding 30 days." The notion that misrepresentation of age should be treated differently, and more harshly, than the actual possession of alcohol is embedded in the history of the ABC Act. In 1934, the first act regulating the consumption of alcohol by "minors" penalized "any minor who falsely represents his age for the purpose of procuring any [alcoholic] beverage" with a $25.00 fine or 10 days in prison, but established no comparable punishment for possession. *See* AN ACT TO CONTROL THE MANUFACTURE, TRANSPORTATION, POSSESSION, AND SALE OF ALCOHOLIC BEVERAGES IN THE DISTRICT OF COLUMBIA, ch. 4, § 30, 48 Stat. 335; D.C.Code § 25–130 (January 24, 1934). Possession was not added as an infraction until 1993. *See* 40 D.C.Reg. 4020 (1993) (amending section 30 of the District of Columbia Alcoholic Beverage Control Act). The 1996 post-*Morrissey* amendments to the ABC Act are a return to the earlier distinction between misrepresentation and possession.

able for underage possession of alcohol are a civil fine and suspension of driving privileges.

 Thus, the language and structure of the ABC Act, as well as its legislative history, lead us to conclude that the possession of alcohol by a person under twenty-one is punishable only by a civil fine as described in D.C.Code § 25–130(b–2) and suspension of driving privileges under D.C.Code § 25–130(c), and is not a criminal offense. The judgment of conviction is therefore reversed and the case is remanded for further proceedings not inconsistent with this opinion.[11]

*Reversed.*

Before: *WAGNER, Chief Judge; TERRY, STEADMAN, SCHWELB, *FARRELL, *RUIZ, REID, GLICKMAN, and WASHINGTON, Associate Judges.

### ORDER

On consideration of appellee's petition for rehearing or rehearing en banc, and the response thereto, it is

ORDERED by the merits division* that the petition for rehearing is granted to the extent that this court's opinion filed July 31, 2003, *see* 829 A.2d 480 (2003), is amended as follows:

At page 16 of the opinion as it appears on the internet, and at 829 A.2d 488, the last paragraph beginning "Thus, the language and structure...." is amended to read as follows:

Thus, the language and structure of the ABC Act, as well as its legislative history, lead us to conclude that the possession of alcohol by a person under twenty-one is punishable only by a civil fine as described in D.C.Code § 25–130(b–2) and suspension of driving privi-

leges under D.C.Code § 25–130(c), and is not a criminal offense. The judgment of conviction is therefore reversed and the case is remanded for further proceedings not inconsistent with this opinion. [Editor's Note: Amendment incorporated for publication purposes.]

It is FURTHER ORDERED that the petition for rehearing en banc is denied as moot, without prejudice to the filing of a petition for rehearing en banc directed to the opinion as amended hereby.

---

**11.** Having considered the language, purpose and legislative history of the statute, we have no occasion to apply the rule of lenity, which is a "secondary rule of construction." *See Luck v. District of Columbia,* 617 A.2d 509, 515 (D.C.1992) (The rule of lenity "can tip the balance in favor of criminal defendants only where, exclusive of the rule, a penal statute's language, structure, purpose and legislative history leave its meaning genuinely in doubt.").