**Robert L. ORD, Appellant**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 10–7084.

United States Court of Appeals,
District of Columbia Circuit.

April 1, 2011.

Matthew August Lefande, Matthew August Lefande Attorney at Law PLLC, Arlington, VA, for Appellant.

Todd Sunhwae Kim, Donna M. Murasky, Esquire, Office of the Attorney General, Washington, DC, for Appellee.

Before: GINSBURG, HENDERSON, and TATEL, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This interlocutory appeal from the United States District Court for the District of Columbia's denial of a motion for a preliminary injunction was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). Upon consideration of the foregoing and appellant's motion for leave to file a supplemental appendix, the opposition thereto, and the reply; appellee's motion to strike the reply brief, the opposition thereto, and the reply; and appellant's request to take judicial notice and the opposition thereto, it is

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed. It is

**FURTHER ORDERED** that the motions and request be dismissed as moot.

Appellant Robert L. Ord contends that under the federal Law Enforcement Officers Safety Act of 2004 ("LEOSA") and District of Columbia law, he is entitled to carry firearms in the District of Columbia because of his status as a Special Conservator of the Peace in Virginia. *See* 18 U.S.C. § 926B; D.C.Code §§ 7–2502.01(b)(1), 22–4505(a); *see also Ord v. District of Columbia*, 587 F.3d 1136, 1138–39 (D.C.Cir.2009) (setting forth the facts of Ord's case in an opinion reversing the district court's dismissal of Ord's complaint for lack of standing). He appeals the district court's refusal to preliminarily enjoin the District from arresting and prosecuting him for violating its firearms laws. *See* D.C.Code §§ 7–2502.01(a), –2506.01(a), 22–4504(a). To obtain a preliminary injunction, Ord had to show "(1) a substantial likelihood of success on the merits, (2) that [he] would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C.Cir.2006).

On appeal, Ord has failed to make any showing that he is likely to succeed on the merits of the claims asserted in his complaint, which alone is reason to affirm the district court's denial of his preliminary injunction motion. *See Apotex, Inc. v. FDA*, 449 F.3d 1249, 1253–54 (D.C.Cir. 2006) (per curiam); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843–44 (D.C.Cir.1977) (even if remaining three factors "strongly favor interim relief," preliminary injunc-

tion inappropriate absent a "serious legal question" on the merits). Hardly mentioning his claims at all, Ord's appellate briefs instead focus on arguing that Ord is a "qualified law enforcement officer" for purposes of LEOSA, a state "law enforcement officer or agent" within the meaning of D.C.Code § 7–2502.01(b)(1), and a "duly appointed law enforcement officer[ ]" under D.C.Code § 22–4505(a). Ord implicitly assumes that if he is able to establish these points, he will have demonstrated that he is likely to succeed on the claims raised in his complaint, but that is not necessarily correct. For example, to prevail on his 42 U.S.C. § 1983 claim that the District would violate his Fourth Amendment rights by arresting and prosecuting him for carrying an unregistered firearm in the District, Ord must prove more than that under the best reading of the various statutes at issue in this case, he is exempt from the District's firearms laws. Instead, under our case law, he must demonstrate that the statutes are so unambiguous that a reasonable officer could not believe that Ord is subject to the firearms laws. *See Doe v. Metro. Police Dep't*, 445 F.3d 460, 461, 467–69 (D.C.Cir.2006). Since Ord has neglected to connect the arguments he makes on appeal to the claims asserted in his complaint, he has failed to show that he has any likelihood of being able to satisfy all elements of those claims.

In addition to the merits of Ord's appeal, three motions are currently pending before us: Ord's motion to file a supplemental appendix; the District's motion to strike Ord's reply brief; and Ord's request that we take judicial notice of (1) a pending firearms prosecution in the District, and (2) Virginia court orders appointing the defendant being prosecuted as a Special Conservator of the Peace. All three of these motions relate to Ord's effort to show that without an injunction, he faces

an imminent risk of irreparable harm. Since we are affirming the district court's decision based on Ord's failure to show any likelihood of success on the merits of his claims and thus have no need to reach the issue of irreparable harm, we dismiss the pending motions as moot.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.