J-S42018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RAHEEM JONES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DEBORAH BOHN | |
| | No. 165 MDA 2017 |

Appeal from the Order Entered December 21, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2016-03018

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:           **FILED NOVEMBER 28, 2017**

Raheem Jones appeals, *pro se*, from the December 21, 2016 order of the Lackawanna County Court of Pleas denying Jones' motion to dismiss the preliminary objections filed by Deborah Bohn and dismissing Jones' amended complaint.  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On May 16, 2016, [Jones] filed this declaratory and civil action against [Bohn] for alleged violations of the Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S.A. § 570 et seq.  Specifically, Jones . . . averred that on March 24, 2016, . . . Bohn hacked into [Jones'] Facebook account and began harassing Nia Malik Bostick (the mother of [Jones'] son) via Facebook messaging on [Jones'] account.  [Jones] maintains that he did not share his Facebook password with [Bohn] or any other person or entity, and never gave [Bohn] or any other person or entity permission to access his account.  [Jones] filed this action setting forth twelve separate violations of various

Pennsylvania laws, and sought declaratory relief as well as damages amounting to a total of $36,000.00. [Bohn] filed Preliminary Objections to the Complaint, and then [Jones], on July 21, 2016, filed an Amended Complaint. On July 26, 2016, [Bohn] filed a second set of Preliminary Objections, this time to the Amended Complaint, and the following month, [Jones] filed a Motion to Dismiss Preliminary Objections.

According to [Bohn], there is an agreement between [Jones], [Bohn], and the District Attorney's Office of Lackawanna County pursuant to a negotiated plea between the District Attorney and [Jones] in Central Court wherein [Jones] agreed he would not initiate a civil action against [Bohn] as part of the terms and provisions of the plea bargain. [Jones'] cause of action, according to . . . Bohn, should be dismissed pursuant to the agreement reached by the parties in [Jones'] prior criminal matter.

Trial Ct. Op., 12/28/16, at 1-2 (unpaginated) (emphasis omitted).

The trial court held a hearing on the preliminary objections and Jones' motion to dismiss on November 22, 2016. Jones, acting *pro se*, testified on his own behalf, and Bohn presented the testimony of Assistant District Attorney ("ADA") Catherine Tully, who prosecuted Jones in the criminal matter and participated in the plea negotiations.[1] ADA Tully testified that as part of

_____

[1] Although neither party raises this issue on appeal, we are compelled to note a significant irregularity with regard to the November 22, 2016 "hearing." In its opinion, the trial court referred to the parties' on-the-record statements as "testimony." However, the trial court did not administer an oath to either ADA Tully or Jones before they testified about the circumstances surrounding the entry of the plea agreement. Pennsylvania Rule of Evidence 603 provides, "Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." Pa.R.E. 603. Our Court has explained that "[w]ithout an administration of an oath to a witness, the taking of testimony is meaningless." ***Tecce v. Hally***, 106 A.3d 728, 731 (Pa.Super. 2014) (quoting ***Commonwealth ex rel. Freeman v. Superintendent of State Corr. Inst.***,

the negotiated plea, Jones orally agreed not to file any future civil actions against Bohn, the complainant in Jones' criminal matter.[2] Bohn also admitted into evidence the transcript of a June 17, 2016 **Grazier**[3] hearing, during which Jones, his counsel, and ADA Tully referenced the terms of the plea agreement, including the agreement not to sue. At the **Grazier** hearing, Jones' counsel stated:

> There was an offer from the Commonwealth, wherein, the criminal charges were reduced to two disorderly conducts, misdemeanors of the third degree.

---

242 A.2d 903, 908 (Pa.Super. 1968)). In **Tecce**, we stated that "[t]he lack of an oath means that there was no testimony." **Id.** Without testimony, there is "no record evidence upon which the trial court could support its order" and no basis "upon which any credibility determination could be made." **Id.**

In this case, the trial court made factual findings and credibility determinations based on statements that were not "testimony" as described by our analysis in **Tecce**, which was error. **See id.** at 732. However, Jones failed to object to this procedural defect at the hearing or raise this issue on appeal. Therefore, he has waived this claim. **See id.** ("Pennsylvania's appellate courts have held, without apparent exception, that the failure to object to unsworn testimony subjects a litigant to waiver."); Pa.R.A.P. 302(a). That Jones has represented himself throughout these proceedings is immaterial to our waiver finding. **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super. 2005) ("[A]ny person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."). Because Jones has waived any challenge to the trial court's characterization of the November 22, 2016 proceeding, we will likewise refer to the proceeding as a "hearing" and to the evidence presented as "testimony."

[2] On April 5, 2016, Jones pled guilty to two third-degree misdemeanors before a magisterial district judge. The plea proceeding was not transcribed.

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

In exchange for that plea, there was discussion that Mr. Jones would not pursue any other avenues, criminally or civilly against the victim.

And what I discussed with [Jones] is that I believed, based on that, that we had a better chance in coming before this Court on a petition for work release . . . .

In our discussion, Mr. Jones and I agreed that that would be the course of action to follow.

N.T., 6/17/16, at 11-12. ADA Tully also referenced the agreement not to sue, *id.* at 27, to which Jones responded, "[W]hen we actually had the hearing . . ., the Commonwealth requested that the Judge make that a stipulation. And the Judge clearly stated that it was not allowed to do that. So, I did not agree to not pursue any civil action against Miss Bohn," *id.* at 28. Defense counsel then stated, "I believe what [ADA Tully] is saying, the agreement in the criminal case[] is that it would be two M3s, with a sentence of time served, [and Jones] would not pursue any criminal[] [or] civil actions further against [Bohn] in that case." *Id.* at 30.

On December 21, 2016, the trial court denied Jones' motion to dismiss the preliminary objections and dismissed Jones' amended complaint. Jones timely appealed to this Court.

On appeal, Jones presents one question for our review:

Did the trial court abuse its discretion when it misapplied the law, inter alia, in dismissing [Jones'] Amended Complaint and all causes of action within absent any legally competent evidence of a valid written or oral "agreement not to sue" as analy[z]ed under the standards pronounced by *Employers Liability Assurance Corp. v. Greenville Business Men's* [*Ass'n*], 224 A.2d 620 (Pa. 1966)?

Jones' Br. at 5.

Our standard of review of an order sustaining "preliminary objections is to determine whether the trial court committed an error of law." ***Freundlich & Littman, LLC v. Feierstein***, 157 A.3d 526, 530 (Pa.Super. 2017). We must accept as true all material facts pled in the complaint, as well as all reasonable inferences therefrom. ***Id.*** "Preliminary objections [seeking] the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the [plaintiff] will be unable to prove facts legally sufficient to establish the right to relief." ***Id.*** (quoting ***Richmond v. McHale***, 35 A.3d 779, 783 (Pa.Super. 2012)).

Jones first asserts that Bohn failed to comply with Pennsylvania Rule of Civil Procedure 1019(i) because she did not attach to her preliminary objections a copy of the alleged agreement not to sue. We disagree. Rule 1019(i) requires that an agreement upon which a pleading is based be appended to the pleading only if the agreement is written. ***See*** Pa.R.C.P. 1019(i). Here, ADA Tully explained that the agreement not to sue was part of the oral plea negotiations and was stated on the record at the plea proceeding:

> [W]e offered [Jones] two M-3's with those stipulations, which is there would be no civil suits either way and no additional charges for anything that either party could have done up to date that we were in court.
>
> . . .
>
> So the plea offer was conveyed to [defense counsel]. He went back privately, spoke to Mr. Jones, came back, said the terms were acceptable. While we were before Magistrate [Paul] Ware, I laid out all of these terms. [Defense counsel] concurred. Mr. Jones was nodding his

head in affirmance of what the plea offer was. The plea was
accepted by Magistrate Ware.

N.T., 11/22/16, at 13-14. Therefore, because the agreement not to sue was oral, Bohn was not required to attach a copy of the agreement to her preliminary objections.

Next, Jones asserts that the trial court erred in concluding that an agreement not to sue existed because Bohn failed to present competent evidence of such an agreement. After considering the testimony presented at the hearing by ADA Tully and Jones, as well as the transcript of the prior *Grazier* hearing, the trial court concluded:

> [ADA Tully's] very clear recollection is that [Jones] and [Bohn] have a long and problematic relationship history, and that the reaching of a plea agreement was the culmination and ending of that history and the problems that arose therein. While [Jones] disputed the testimony of [ADA Tully], he was unable to point to any evidence of a different plea agreement, one which did not disallow the continued, repetitive filing of civil actions concerning internet hacking and stalking by [Jones] against [Bohn]. The Court found credible the testimony of the [ADA], who had no interest or stake in the antagonistic, litigious relationship between [Jones] and [Bohn]. We currently rule that, due to the agreement reached by the parties in regard to the previous criminal charges against [Jones], the Amended Complaint and the causes of action contained therein should be dismissed pursuant to the plea bargain reached by [Jones] and the Commonwealth that [Jones] would not initiate any more civil actions against [Bohn] concerning Facebook activity.

Trial Ct. Op., 12/28/16, at 2 (unpaginated). We conclude that the evidence credited by the trial court established that, as part of the plea negotiations in his criminal case, Jones agreed not to file any civil actions against Bohn relating to Facebook activity. Accordingly, the trial court properly denied

- 6 -

Jones' motion to dismiss the preliminary objections and dismissed his amended complaint.[4]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2017

---

[4] Jones devotes the remainder of his brief to contesting the validity of the agreement not to sue on several grounds. To the extent Jones is challenging the terms of his negotiated plea agreement with the Commonwealth or his counsel's ineffectiveness during the plea negotiations, such matters are not properly before this Court. **See Commonwealth v. Duffey**, 639 A.2d 1174, 1177 (Pa. 1994) (recognizing that defendant cannot attempt to withdraw his criminal guilty plea in civil proceeding). Moreover, Jones' reliance on **Employers Liability Assurance Corp. v. Greenville Bus. Men's Ass'n**, 224 A.2d 620 (Pa. 1966), is misplaced. **Employers Liability** involved the requirements for enforcement of an exculpatory clause in a civil contract and is inapplicable to the enforcement of the terms of a negotiated plea agreement in a criminal matter.