*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals



**No. 22-AA-276**

KENYAN MCDUFFIE,
                    Petitioner,

        v.                                          22-003

DISTRICT OF COLUMBIA
BOARD OF ELECTIONS,
                    Respondent,

BRUCE SPIVA,
                    Intervenor.


BEFORE:    Easterly and AliKhan, Associate Judges, and Thompson, Senior Judge.


**ORDER**
(FILED- April 28, 2022)


PER CURIAM: Pursuant to D.C. Code § 1-1001.08(o)(2), Kenyan McDuffie seeks expedited review of an April 18, 2022, Memorandum Opinion and Order issued by the District of Columbia Board of Elections. The Board declared that Mr. McDuffie does not meet the qualification requirements set forth in D.C. Code § 1-301.83(a) to serve as Attorney General for the District of Columbia and thus concluded that his name may not be placed on the June 21, 2022, Democratic primary ballot as a candidate for that office. Appellate briefing was completed in this matter on April 26, 2022, and oral argument, at which the court heard from Mr. McDuffie, the Board, and intervenor/challenger Bruce V. Spiva, was held on April 27, 2022. Because the court's understanding is that the Board requires a decision from this court by April 28, 2022, to timely prepare ballots for printing and mailing,

the court is issuing its order to announce our holding affirming the Board's decision and provide a brief summary of our reasoning. A published opinion will follow.

In addition to imposing registration, residency, and bar membership requirements, § 1-301.83(a)(1)–(4), the statute setting forth the minimum qualifications and requirements for the Attorney General imposes an experiential requirement, *id.* § 1-301.83(a)(5). Specifically, the statute provides that "no person shall hold the position of Attorney General for the District of Columbia unless" they have:

> (5) . . . *been actively engaged*, for at least 5 of the 10 years immediately preceding the assumption of the position of Attorney General, *as*:
> (A) An attorney in the practice of law in the District of Columbia;
> (B) A judge of a court in the District of Columbia;
> (C) A professor of law in a law school in the District of Columbia; or
> (D) *An attorney employed in the District of Columbia by* the United States or *the District of Columbia*.

*Id*. (emphases added). Mr. McDuffie has a law degree, does not practice law, and has been serving as a Councilmember for Ward 5 in the District of Columbia since 2012. It is agreed that he is not eligible to run for Attorney General under § 1-301.83(a)(5)(A)–(C). The only substantive question is whether Mr. McDuffie is qualified to run for Attorney General under § 1-301.83(a)(5)(D), which requires that he have "been actively engaged, for at least 5 of the [past] 10 years . . . as . . . [a]n attorney employed in the District of Columbia by . . . the District of Columbia." Mr. McDuffie argued to the Board that he satisfies § 1-301.83(a)(5)(D) either because (1) he is an attorney and is employed by the District of Columbia; or (2) he is an attorney and, although not employed as such, is "actively engaged" in legal work in his capacity as a councilmember. The Board rejected these arguments. Observing that an individual need not be a lawyer to serve as a member of the Council of the District of Columbia, the Board concluded that to satisfy the experiential requirement of § 1-301.83(a)(5)(D), an individual must "have served or be serving in the position of attorney." Board Memorandum Opinion and Order at 10. The Board reasoned that this determination was dictated by the plain text of the statute and that to read the statute as Mr. McDuffie had urged would either effectively eliminate an experiential requirement for government employees who

2

happen to be attorneys, but do not serve in attorney positions, or create a line-drawing problem in determining when a District employee not employed as an attorney is engaged in "functional[ly] equivalent" work. *Id.*

Mr. McDuffie argues that our review of the Board's interpretation of the Attorney General for the District of Columbia Clarification and Elected Term Amendment Act of 2010, codified in part at § 1-301.83, is de novo because it presents a pure question of law. The Board and Mr. Spiva argue, however, that this court should accord some deference to the Board's decisionmaking. Because we agree with the Board's understanding of the statute, we need not resolve this dispute in this order.

"The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used." *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983) (en banc) (quoting *Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 64 (D.C. 1980) (en banc)). Although we disagree with the Board that § 1-301.83(a)(5)(D) "is plain and admits of no more than one meaning," *Peoples Drug Stores*, 470 A.2d at 753 (quoting *Davis v. United States*, 397 A.2d 951, 956 (D.C. 1979)), the court concludes that a holistic examination of the "statute's full text, language[,] . . . punctuation, structure, and subject matter," *Baltimore v. District of Columbia*, 10 A.3d 1141, 1146 (D.C. 2011) (quoting *Cook v. Edgewood Mgmt. Corp.*, 825 A.2d 939, 946 (D.C. 2003)), as well as the evolution of the statutory language (discussed at oral argument), support the Board's determination that, for an individual to have "been actively engaged, for at least 5 of the [past] 10 years . . . as . . . [a]n attorney employed in the District of Columbia by . . . the District of Columbia," they must have been employed as an attorney. The history of § 1-301.83(a)(5)(D) shows that the reference to "an attorney employed . . . by the United States or the District of Columbia" was originally both in a provision that identified a group of attorneys who were not required to satisfy longterm D.C. bar membership requirements in the same way as other candidates because of their employment as government attorneys and in the experiential provision at issue in this case. There is no reason to think that the meaning of this phrase changed when, in the successor bill that became law, the Council opted to require D.C. bar membership without exception and made no change to the experiential provision. *See District of Columbia v. Reid*, 104 A.3d 859, 868 (D.C. 2014) (explaining that where "our task is to search for an interpretation that makes sense of the statute as a whole," we may "turn to legislative history to determine whether our interpretation is consistent with legislative intent" (quoting *Cass v. District of Columbia*, 829 A.2d 480, 482 (D.C. 2003))).

3

While this court is mindful of the canon of statutory construction that election laws should be interpreted "in an inclusive spirit," *Lawrence v. D.C. Bd. of Elections & Ethics*, 611 A.2d 529, 532 (D.C. 1992), the considerations discussed above weigh heavily in favor of reading § 1-301.83(a)(5)(D) more strictly as requiring employment in a position for which membership in a bar is a condition. Moreover, countervailing considerations weigh against adopting either of Mr. McDuffie's interpretations of the statute. Allowing an individual to serve as Attorney General simply because they are an attorney and work in a nonlawyer capacity for the District, as a school nurse or IT expert, for instance, hardly seems to serve the aims of adding an experiential requirement to the minimum qualifications for the office. Likewise, allowing an individual to serve as Attorney General if they can show that they do functionally equivalent work to that of an attorney only leads to difficult questions of how such work could objectively be measured and what the quantum of sufficient work would be. Finally, we are unpersuaded that the twelve-years-after-the-fact views, expressed in an amicus brief, of some of the legislators who enacted the Attorney General for the District of Columbia Clarification and Elected Term Amendment Act of 2010 have any decisive bearing on our interpretation of § 1-301.83(a)(5)(D) as—and when—it was written.

For all of these reasons, the court affirms the decision of the District of Columbia Board of Elections.

**PER CURIAM**